NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0464n.06

No. 09-3876

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jul 08, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| NATHANIEL ROBINSON, | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |

Before:     KEITH, GIBBONS, and WHITE, Circuit Judges.

PER CURIAM.  Nathaniel Robinson appeals his conviction for conspiracy to possess with intent to distribute cocaine and cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.  Robinson asserts that insufficient evidence was presented to link him to the alleged drug trafficking conspiracy and that the district court improperly denied his motion for judgment of acquittal at the close of the government's case.  Because we hold that sufficient evidence was presented to support the jury's finding that Robinson facilitated a drug sale in furtherance of a drug trafficking conspiracy, the district court's denial of Robinson's motion for judgment of acquittal and Robinson's convictions are **AFFIRMED**.

**I. BACKGROUND**

A ten-year joint investigation by the Federal Bureau of Investigation ("FBI") and the Cleveland Metropolitan Housing Authority ("CMHA") into drug trafficking around the King

1

Kennedy Estates housing project in Cleveland, Ohio culminated in a federal indictment of sixteen defendants in 2008. Each defendant, including Defendant Nathaniel Robinson, was indicted on drug trafficking charges, including conspiracy to possess with intent to distribute cocaine and cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, and distribution of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Robinson was the only defendant who did not plead guilty and his three day jury trial began on April 27, 2009. Evidence at Robinson's jury trial established that the criminal investigation was centered around a grocery store, Sav-Mor, located next to the King Kennedy Estates. The government presented evidence at trial that demonstrated that drug dealers from King Kennedy Estates worked with middlemen at Sav-Mor to direct "safe" customers their way and provided the middlemen with cash or drugs for their assistance. The FBI paid Kison Robertson about $20,000 from 2000 to 2008 to serve as an informant as part of its investigation of King Kennedy Estates and other drug trafficking areas. At trial, Robertson testified that he had previously requested Robinson's help in purchasing cocaine at Sav-Mor in November of 2007; however, despite Robinson's help, Robertson was not connected with a dealer on that occasion.

On December 3, 2007, two government informants, including Robertson, arrived at Sav-Mor, both equipped with audio and video surveillance equipment. Robertson approached Robinson, greeted him by name and inquired about purchasing a "quake," which is a quarter of an ounce of crack. Robinson stated "there is my dude right there," and pointed Robertson toward a drug dealer, Artemous Roulette, who was in a parked car at Sav-Mor. Robinson approached the car and notified Roulette that he had a customer. Robertson got in the car, requested a "quake," and inquired as to

2

whether Roulette was going to "take care" of Robinson for his assistance. Roulette declined to provide Robinson with any benefit for directing Robertson to him at that time, so Robertson paid Robinson twenty dollars. Roulette sold a "quake" to Robertson for $300 later that day at a BP gas station, in the same neighborhood.

At trial, video evidence of Robertson's encounter with Robinson and Roulette at Sav-Mor, and of Robertson's "quake" purchase at BP was introduced. The videos included audio. The government asserted that Robinson "middled" the drug deal; and, therefore, was guilty of the charged offenses. The government also presented testimony from crack dealers Fadil Barrett, Antoine Morgan, and Hysheen Thomas, each of whom stated that they saw Robinson "middle" drug deals at King Kennedy Estates. Crack dealer Brian Nettles said Robinson "middled" drug transactions for him a few times and he compensated Robinson by giving him cash or crack. Roulette and Thomas were also indicted alongside Robinson. Roulette testified at trial that Robinson "middled" the drug transaction recorded by Robertson, that he previously sold crack to Robinson and that he had given Robinson crack for free on occasion. Roulette testified that he only sold crack to Robertson because Robinson twice assured Roulette that he knew Robertson. Additionally, Roulette stated that he declined to pay Robinson for "middling" the drug transaction until after the crack sale was completed, that Robinson did not want to wait for payment; and that Robertson subsequently volunteered to pay Robinson.

At the close of the government's case, Robinson moved for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure and asserted that insufficient evidence was presented to support any conviction on the indicted offenses. The district court denied Robinson's

motion. Thereafter, the defense presented no evidence, and the case was submitted to the jury. The jury found Robinson guilty of both the conspiracy and distribution offenses. Robinson was sentenced to the mandatory, statutory-minimum term of imprisonment of 120 months on July 1, 2009. Robinson timely appealed.

## II. ANALYSIS

Robinson contends that the district court erred in denying his motion for judgment of acquittal such that his conviction for conspiracy and attendant sentence must be vacated.

### A. Standard of Review

We review de novo a district court's denial of a motion for judgment of acquittal. *United States v. Gross*, 626 F.3d 289, 295 (6th Cir. 2010). "In reviewing challenges regarding the sufficiency of the evidence presented to the jury, we are limited to ascertaining whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Dierker*, Nos. 08-3994/09-4124, 2011 U.S. App. LEXIS 6729, at *8 (6th Cir. Apr. 1, 2011) (quoting *United States v. Carmichael*, 232 F.3d 510, 519 (6th Cir. 2000) (internal quotation marks and additional citations omitted)). "Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original) (footnote omitted).

### B. Motion for Judgment of Acquittal

Robinson states that the government failed to present sufficient evidence to support his conviction for conspiracy to possess with intent to distribute cocaine and crack in violation of §§ 841(a)(1), (b)(1)(A) and 846. "To sustain a conviction for conspiracy under 21 U.S.C. § 846, the government must have proved: (1) an agreement to violate drug laws, in this case 21 U.S.C. § 841; (2) knowledge and intent to join the conspiracy; and (3) participation in the conspiracy." *United States v. Sliwo*, 620 F.3d 630, 633 (6th Cir. 2010) (quoting *United States v. Deitz*, 577 F.3d 672, 677 (6th Cir. 2009)). Each convicted conspirator must have had knowledge of the goal of the conspiracy—here, to sell cocaine and crack. *See id.* at 635.

Robinson asserts that the evidence produced at trial did not permit the jury to infer that he became a member of a drug conspiracy; rather, the evidence simply showed that he was familiar with King Kennedy Estates and was able to point out drug dealers at Sav-Mor like any other King Kennedy Estates resident. Further, Robinson contends that the dealer, Roulette, did not pay him because he played no role worthy of payment. Instead, he states that he only accepted a volunteered payment offered by government informant Robertson. Robinson contends that he was merely present at the scene and while he may have associated with criminals, the government failed to show that he had knowledge of the conspiracy or that he voluntarily became a participant.

Viewed in the light most favorable to the prosecution, a rational trier of fact could have found the elements of conspiracy to possess with intent to distribute cocaine or crack were proved beyond a reasonable doubt. Five drug dealers from King Kennedy Estates testified about Robinson's "middling" role of often assisting in drug transactions. Likewise, audio and video evidence established Robinson's participation in a drug transaction with a government informant. Not only

did Robinson know who and where the drug dealers were in the King Kennedy Estates area, he brought customers to the drug dealers and received compensation in the form of cash or crack from the dealers. Though he was not the leader of the drug ring, he was far from a mere bystander. Evidence was presented that Robinson answered a customer's request to find a drug dealer, directed that customer to a drug dealer, personally vouched for the customer to the drug dealer, and accepted payment from the customer after the dealer declined to deliver payment prior to the conclusion of the drug sale. Thus, sufficient evidence support Robinson's conspiracy conviction and sentence and the district court properly denied Robinson's motion for judgment of acquittal.

### III. CONCLUSION

For the foregoing reasons, Robinson's conviction for conspiracy to possess with intent to distribute cocaine and crack is **AFFIRMED**. The district court's denial of Robinson's motion for judgment of acquittal is **AFFIRMED**.